UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MONICA JO JOHNSON,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>        Defendant. | No. CV-09-3047-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on October 8, 2010 (Ct. Rec. 13, 19). Attorney D. James Tree represents plaintiff; Special Assistant United States Attorney Stephanie Martz represents the Commissioner of Social Security (Commissioner). The parties have consented to proceed before a magistrate judge (Ct. Rec. 8). On April 28, 2010, plaintiff filed a reply (Ct. Rec. 21). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** defendant's motion for summary judgment (**Ct. Rec. 19**) and **DENIES** plaintiff's motion for summary judgment (**Ct. Rec. 13**).

**JURISDICTION**

Plaintiff protectively filed concurrent applications for supplemental security income (SSI) and disability insurance income (DIB) on March 22, 2006, alleging disability as of September 1, 2005, due to bipolar disorder, attention deficit disorder (ADD),

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
- 1 -

anxiety, panic attacks, memory problems, suicide attempts, fatigue, and depression (Tr. 58-60, 85, 88, 95). Her applications were denied initially and on reconsideration (Tr. 30-31, 33-36).

Administrative Law Judge (ALJ) Paul Gaughen held a hearing November 5, 2008 (Tr. 205-223). On December 18, 2008, he issued an unfavorable decision (Tr. 11-20). On March 23, 2009, the Appeals Council denied review (Tr. 4-7). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on May 8, 2009 (Ct. Rec. 2,4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcripts, the ALJ's decision, the briefs of both parties, and are summarized here where necessary.

Ms. Johnson was 26 years old at onset and 29 at the hearing (Tr. 26, 58). She has a ninth or tenth grade education and has not earned her GED. Plaintiff has worked as a cashier and a housekeeper (Tr. 77-78, 89-90, 92, 96, 101, 208-210). Ms. Johnson's impairments limit her ability to work because she has "anger problems, can't wake up, not able to relate to others, poor concentration, memory problems, [and] can't follow directions" (Tr. 88). She stopped working because she could not get along with others (Tr. 89, 211, 214-215).

She lives with her boyfriend (Tr. 216). Ms. Johnson testified she watches television, reads, washes dishes and floors, does laundry, and cooks simple meals (Tr. 216-218). Plaintiff attends

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

church on Sundays for four hours, and sometimes attends during the week (Tr. 212, 218-219). She has no friends and only has contact with her boyfriend and family and church members (Tr. 212, 215).

Plaintiff feels guilty and worthless every day and has attempted suicide, most recently four months before the hearing when she tried to hang herself (Tr. 212-214). She is easily distracted (Tr. 213). Plaintiff has not used drugs or alcohol since 2004 or 2005 (Tr. 166, 220-222). She does not currently receive counseling because she is not receiving state disability benefits (Tr. 214).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential

evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

    If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20

C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989);

*Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

### ALJ'S FINDINGS

At the outset the ALJ found plaintiff was insured for DIB

purposes through June 30, 2006 (Tr. 11, 13). At step one he found plaintiff did not engage in substantial gainful activity after onset on September 1, 2005 (Tr. 13). At steps two and three, ALJ Gaughen found plaintiff suffers from the medically determinable impairments of depression, history of attention deficit disorder, and substance abuse (DAA) in remission, but they are not severe (Tr. 13). He found plaintiff less than completely credible (Tr. 15). Because the ALJ found plaintiff's impairments are not severe, she is not disabled as defined by the Social Security Act (Tr. 19-20).

**ISSUES**

Plaintiff alleges the ALJ erred when he weighed the evidence of psychological and physical impairment, and when he assessed her credibility (Ct. Rec. 14 at 11-18). The Commissioner answers the Court should affirm the decision because it is supported by the evidence and free of error (Ct. Rec. 20 at 2, 5, 15).

**DISCUSSION**

**A. Step two**

Plaintiff alleges the ALJ should have found her mental impairments and resulting limitations severe at step two.

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

An impairment or combination of impairments may be found "not severe only if the evidence established a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686-687 (9th Cir. 2005)(citing *Smolen v. Chater*, 433 F.3d 1273, 1290 (9th Cir. 1996); see also *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988). If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the not severe evaluation step. S.S.R. 85-28 (1985). Step two, then, is "a de minimus screening device [used] to dispose of groundless claims," *Smolen*, 80 F.3d at 1290, and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is "clearly established by the medical evidence." S.S.R. 85-28. The question on review is whether the ALJ had substantial evidence to find that the medial evidence clearly established that the claimant did not have a medically severe impairment or combination of impairments. *Webb*, 433 F.3d at 687; see also *Yuckert*, 841 F.2d at 306.

**B. Credibility**

Plaintiff alleges the ALJ erred when he assessed her credibility (Ct. Rec. 14 at 15-18). To aid in weighing the conflicting evidence, the ALJ evaluated plaintiff's credibility

and found her less than fully credible (Tr. 15). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

"General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the c1aimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ relied on several factors when he assessed credibility including plaintiff's lack of mental health treatment, invalid test score, lack of participation and cooperation, and inconsistent statements (Tr. 15-18).

The ALJ notes plaintiff failed to obtain mental health treatment or medication for allegedly disabling symptoms from July 2003 until November 17, 2006 (Tr. 15). She attended only a few

sessions. Then, in December 2006 plaintiff failed to show for her mental health appointment and, as the ALJ notes, there are no further treatment notes (Tr. 15, Exhibit 3F/5-6).

The ALJ properly relied on plaintiff's unexplained failure to obtain mental health treatment, including medication, for allegedly severe mental limitations (Tr. 15, 160-162). Although plaintiff testified she was not currently receiving mental health counseling because she is not receiving state disability benefits, she fails to explain her prior lack of treatment, including failing to keep at least six scheduled appointments, and failure to follow up as directed (Tr. 160-161, 170). Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment cast doubt on a claimant's subjective complaints. *Burch v. Barnhart*, 400 F.3d 676 (9th Cir. 2005); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

Plaintiff's MMPI-2 score in April 2006 was invalid, as the ALJ observes (Tr. 16, 177). She failed to attend a consultative examination,[1] and did not return daily activity forms, a lack of participation the ALJ opines "gives rise to the concern that she herself feels her symptoms are not significant" (Tr 18, Exhibit 1F/1-14). The ALJ relied on plaintiff's inconsistent statements when he weighed credibility (Tr. 17). Prozac is described as giving no benefit (Tr. 161) and as improving mood and energy (Tr. 166, 172, 175, 182). She inconsistently reports her date of

---

[1] Ms. Johnson failed to attend the scheduled evaluation on May 31, 2006. A person who answered plaintiff's phone indicated she was fishing (Tr. 33). Since she failed to cooperate, the agency was unable to establish a period of disability (Tr. 30).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
- 10 -

1  sobriety. (Tr. 17, Exhibits 3F/1, 3F/4, 4F/23). The ALJ's reasons
2  are clear convincing, and fully supported by the record. A
3  claimant's inconsistent statements diminish credibility. It is a
4  factor the ALJ may properly consider. *Thomas v. Barnhart*, 278 F.3d
5  947, 958-959 (9th Cir. 2002). A lack of effort or participation
6  diminishes credibility. *Thomas*, 278 F.3d at 959 (lack of
7  cooperative effort during physical evaluations is a reason to
8  reject claimant's testimony).

9      The ALJ's credibility assessment is supported by specific,
10 clear and convincing reasons which are in turn supported by
11 substantial evidence. *See Smolen v. Chater*, 80 F.3d 1273, 1281
12 (9th Cir. 1996).

13 **C. Treating and examining opinions**

14     Plaintiff alleges the ALJ failed to properly weigh the
15 opinions of treating physician Peter Harveson, M.D., and examining
16 psychologist Jody Veltkamp, M.D., and of the lay witness mental
17 health examiners (Ct. Rec. 14 at 13-15).

18     In social security proceedings, the claimant must prove the
19 existence of a physical or mental impairment by providing medical
20 evidence consisting of signs, symptoms, and laboratory findings;
21 the claimant's own statement of symptoms alone will not suffice.
22 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated
23 on the basis of a medically determinable impairment which can be
24 shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once
25 medical evidence of an underlying impairment has been shown,
26 medical findings are not required to support the alleged severity
27 of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr.
28 1991).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1996). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

*Opinion of a treating doctor*

The ALJ notes on July 15, 2003 (more than two years before

onset) at an appointment with Dr. Harveson, plaintiff

> stated that after the birth of her first child she had become increasingly irritable, angry and tired. She alleged uncontrolled mood swings and an increased appetite. She said she generally did not trust people. At that time, she denied homicidal and suicidal ideations (Exhibit 1F/18). There were no further treatment notes until November 17, 2006, when she complained of depressive symptoms. She admitted it has been awhile since she had been on medication for depressive symptoms.

(Tr. 15; 123).

Plaintiff alleges the ALJ should have given great deference to Dr. Harveson noting Ms. Johnson was experiencing symptoms of severe depression (Ct. Rec. 14 at 13). The fact that plaintiff then failed to seek treatment for more than three years, and her lack of credibility, were properly relied on by the ALJ when he found she does not suffer from a severe mental impairment. An ALJ is not required to credit opinions based on a claimant's unreliable self report. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

*Examining psychologist's opinion*

In April 2006 Jody Veltkamp, Psy.D., evaluated plaintiff (Tr. 174-179). Ms. Johnson alleged she suffered ADHD as a child and took medication from sixth through eighth grade. Dr. Veltkamp diagnosed major depressive disorder, moderate, without psychotic features, and amphetamine abuse in early sustained remission (Tr. 179). She assessed a current GAF of 63 indicating plaintiff suffered only mild symptoms or some social or occupational functioning difficulties, but generally functioned pretty well, with some meaningful interpersonal relationships (Tr. 179). Dr. Veltkamp recommended plaintiff obtain a neuropsychological

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
- 13 -

evaluation following treatment for depression to determine the "possible presence of a formalized attention deficit hyperactivity disorder" (Tr. 178-179). Dr. Veltkamp's own testing revealed plaintiff's "inattentiveness and inconsistency did not rise to the level of a clinically significant syndrome," as the ALJ points out (Tr. Tr. 16, 176). Dr. Veltkamp recommended a psychiatric evaluation based on plaintiff's clinical depressive symptomology (Tr. 179). The ALJ observes this is based at least in part on the Beck Depression Inventory, a self report of symptoms. As the ALJ notes, Dr. Veltkamp recommended plaintiff move forward with her goal of earning a GED, apparently finding no severe cognitive limitations (Tr. 17, Exhibit 4F/7).

The ALJ appears to have accepted Dr. Veltkamp's GAF indicative of mild symptoms since he found plaintiff suffers from the medially determinable impairment of depression, but it is not severe. The ALJ considered plaintiff's credibility when he assessed the evaluation. Plaintiff alleges the ALJ should have given great deference to Dr. Veltkamp noting plaintiff "was experiencing symptoms of severe depression," but the ALJ's interpretation is supported by the evidence, since mild symptoms were assessed. The ALJ is responsible for resolving conflicts and ambiguity in medical evidence. *See Lewis v. Apfel*, 236 F.3d 503, 509 (9th Cir. 2001). He has done so. The Court may not substitute its judgment for the ALJ's resolution of the conflicting evidence. *See Reddick v. Chater*, 157 F.3d 715, 720-721 (9th Cir. 1998).

The record fully supports the weight the ALJ gave the conflicting and scant medical evidence.

///

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

- 14 -

*Opinions of lay witnesses*

In determining disability an ALJ must consider lay witness testimony concerning a claimant's ability to work. *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009). If an ALJ disregards lay witness testimony he must provide reasons "that are germane to each witness." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ's reasons must be specific. *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006).

The ALJ notes the opinions rendered in May 2006, December 2006, and August 2008 for public assistance purposes are based solely on plaintiff's self reports of not getting along with others[2] and of memory and concentration problems. There is "no evidence of any clinical tests upon which the cognitive limitations were based" (Tr. 19, Exhibits 4F/8-11 and 4F/20-23; Tr. 180-182 (3/29/06); Tr. 172 (11/28/06); Tr. 161 (12/11/06); Tr. 186-191 (late 2006); and Tr. 192-195 (8/08)). An ALJ is not required to credit opinions based on a claimant's unreliable self-report. *Bayliss*, 427 F.3d at 1216. This alone is a specific reason germane to each witness.

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson v. Perales*, 402 U.S. 389, 400 (1971).

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this Court finds the ALJ's decision is free of legal error and

---

[2] Interestingly, plaintiff reported in 2003 she "has [had] a best friend for eight years and relies on her for most anything" (Tr. 123).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

supported by substantial evidence. Accordingly,

**IT IS ORDERED:**

1. Defendant's motion for summary judgment **(Ct. Rec. 19)** is **GRANTED.**

2. Plaintiff's motion for summary judgment **(Ct. Rec. 13)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for plaintiff and defendant, enter judgment in favor of defendant, and **CLOSE** this file.

DATED this 16th day of September, 2010.

s/ James P. Hutton

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE